WILLIAM KALLAHAN, The (KELSEY v.). See Case No. 7,680.

# Case No. 17,698.

## The WILLIAM MARTIN.

[1 Spr. 564.] [1]

District Court, D. Massachusetts. Jan., 1858.

WHALING VOYAGE — LAY OF SEAMAN — END OF VOYAGE—EXPENSE OF SEAMAN'S RETURN.

1. A seaman, during a whaling voyage, being appointed a ship-keeper, is thereafter entitled to the lay of that station.

2. Where a seaman has different lays, during the same whaling voyage, he is to have such proportion of each lay, for the whole voyage, as the time he served under such lay was of the time of the whole voyage.

3. The vessel not returning home. as she ought. the seaman was allowed compensation for his time and expenses in returning; calculating for his time at the rate of his last lay; deducting what he earned. or might. but for his own neglect, have earned. while so returning.

This was a libel by Frank Smith. for a share of the proceeds of a whaling voyage, and also for damages for not being brought home. He originally shipped at Boston, as a seaman, at a lay of one thirty-fifth. During the voyage. he was appointed ship-keeper, and THE COURT, (SPRAGUE, District Judge,) was of opinion, that from that time he had a right to the lay of his predecessor, viz., one twenty-fifth. It appeared, that after the time for which the vessel had been originally fitted out. and after she had filled with oil, the master went into Fayal, and thence shipped his catchings home by another vessel. and there refitted his own vessel, and entered upon a farther whaling voyage. The libellant refused to go the second voyage. left the vessel, and returned to Boston. The court held. that he was justified in such refusal, and entitled to an indemnity for not being brought home. by the return of the vessel. according to the original contract. An assessor was appointed. by order of court, giving him instructions, which show the opinion of the court. in what manner the lay should be calculated, and the indemnity ascertained. The instructions were. to calculate the libellant's lay from the commencement of the voyage to the 6th of May, 1857, at a lay of one thirty-fifth. and from the last date to the time when the libellant arrived at Boston. at a lay of one twenty-fifth, giving him such proportion of one thirty-fifth

[1] [Reported by F. E. Parker. Esq.. assisted by Charles Francis Adams. Jr., Esq., and here reprinted by permission.]

part of the proceeds of the whole voyage, as the time which he had a thirty-fifth lay was of the time of the whole voyage; and such proportion of one twenty-fifth of the proceeds of the whole voyage, as the time he had a twenty-fifth lay was of the time of the whole voyage. And also, to ascertain and report what were the expenses, if any, which the libellant necessarily incurred in returning to the port of Boston, after he left the vessel; and also the length of time which he necessarily expended in so returning, and the amount to which he would be entitled for that length of time, calculating his compensation therefor at the same rate which he will be entitled to recover under his said lay of one twenty-fifth; and also, whether the libellant earned any, and what wages or compensation, after he left the said vessel, and during the said time allowed him for his return, or had a reasonable opportunity to do so, and might have so earned wages or compensation, but for his own neglect.

W. H. Judson. for libellant.

H. A. Scudder, for claimant.

WILLIAM M. JONES, The (BUCKLEY v.). See Case No. 2,095.

WILLIAM PENN, The (BROOKS v.). See Case No. 1,965.

WILLIAM PENN. The (CRAWFORD v.). See Cases Nos. 3,372 and 3,373.

WILLIAM POPE. The (UNITED STATES v.). See Case No. 16,708.